UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SULLIVAN LEDET, JR. AND IRIS M. LEDET** | * * * | **CIVIL ACTION NO.** |
| **versus** | * * | **SECTION " " ( )** |
| **LAWRENCE SHANE CAMP, COTTON STATE INSURANCE COMPANY, THE HERTZ CORPORATION, A SELF-INSURED CORPORATION, AND STATE FARM AUTOMOBILE INSURANCE COMPANY AS THE UNINSURED/UNDERINSURED CARRIER OF BETTY ALFONSO CORDOVA, THE WACKENHUT CORPORATION AND/OR WACKENHUT SERVICES, INC. AND GHI INSURANCE COMPANY** | * * * * * * * * * * * * * * | **JUDGE**  **MAGISTRATE JUDGE** |
| ********************************** | * | |

### NOTICE OF REMOVAL

TO: The Honorable Judges of the United States District Court
    for the Eastern District of Louisiana
    500 Poydras Street
    New Orleans, Louisiana 70130

**NOW INTO COURT,** through undersigned counsel, come The Wackenhut Corporation and Wackenhut Services, Inc., who with full reservation of all rights and defenses

give notice of the removal of this civil action from the 34th Judicial District Court for the Parish of St. Bernard to this Court:

1. The Wackenhut Corporation and Wackenhut Services, Inc. are defendants in a civil action styled *Sullivan Ledet, Jr. and Iris M. Ledet v. Lawrence Shane Camp, et al.,* on the docket of the 34th Judicial District for the Parish of St. Bernard, State of Louisiana, bearing Civil Action No. 108 885.

### A.     Basis for Removal

2. This Court has removal jurisdiction over this matter under 28 U.S.C. §1441, as the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, within the meaning of 28 U.S.C. §1332(a).

3. Plaintiffs filed their original Petition for Damages on March 8, 2007, wherein they specifically pleaded damages under $75,000. Neither Wackenhut entity was named as a defendant in the original petition. (See Petition for Damages ¶XIV).

4. Plaintiffs filed a First Supplemental and Amending Petition for Damages on September 24, 2009, adding the Wackenhut entities as defendants.

5. The Wackenhut Corporation and Wackenhut Services, Inc. were notified of the suit through service on October 2, 2009. Copies of all pleadings served on the Wackenhut entities are attached to this removal pleading (Copies of the Petition for Damages, First Amended Petition for Damages, Citation, and Service of Process are attached *in globo* as Exhibit A.)

6. Plaintiffs Sullivan Ledet and Iris Ledet were at the time of filing of suit, and on information and belief now remain citizens of the State of Louisiana.

7. Defendant Lawrence Shane Camp was at the time of filing of suit, and on information and belief, remains a citizen of the State of Georgia.

8. Defendant, the Wackenhut Corporation is a citizen of the State of Florida. The company is organized pursuant to the laws of the State of Florida with its principal place of business in Palm Beach Gardens, Florida.

9. Defendant, Wackenhut Services, Inc. is a citizen of the State of Florida. The company is organized pursuant to the laws of the State of Florida with its principal place of business in Palm Beach Gardens, Florida.

10. Defendant, The Hertz Corporation is a citizen of the states of Delaware and New Jersey. The corporation is organized pursuant to the laws of the State of Delaware with its principal place of business in Park Ridge, New Jersey.

11. Defendant State Farm Insurance Company is no longer a defendant in the action and was voluntarily dismissed from this action by plaintiffs by order signed on February 22, 2008. (See Voluntary Dismissal, attached as Ex. B).

12. Defendant Cotton State Insurance Company has not been served with a copy of the suit and appears to be improperly identified. However, Cotton State Insurance has been sued as allegedly providing a policy of auto liability insurance. Auto liability insurance is issued by Cotton States through three companies; two are Georgia companies with their principal places of business in Atlanta, Georgia and the third company is an Illinois Company with its principal place of business in Bloomington, Illinois.

13. Defendant GHI Insurance Company is a fictitious name and is not properly named as a defendant.

14. Defendants The Wackenhut Corporation and Wackenhut Services, Inc. received notice and were served with the First Supplemental and Amending Petition for Damages on October 2, 2009, making this removal timely pursuant to 28 U.S.C. §1446(b).

15. This is a civil action in which Plaintiffs seek to recover from The Wackenhut Corporation, Wackenhut Services, Inc. and other parties pecuniary and non-pecuniary damages for "severe and painful personal injuries," mental anguish, loss of income and wage loss arising out of an automobile accident. (See Petition for Damages, ¶¶VII, VIII; First Supplemental and Amending Petition for Damages). In light of these claims, the amount in controversy exceeds $75,000.

16. Plaintiffs' attempt to manipulate the forum by specifically pleading damages in an amount less than $75,000, and in failing to amend their petition for damages when they knew their damages exceeded this amount gives rise to an equitable exception as recognized by this circuit.

17. Venue is proper in this district under 28 U.S.C. §1441 because the state court where the suit has been pending, the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, is located within the territorial boundaries of the Eastern District of Louisiana.

18. Pursuant to 28 U.S.C. §1446(a), copies of all pleadings served on the Wackenhut entities are attached to this removal pleading (Copies of the Petition for Damages, First Amended Petition for Damages, Citation, and Service of Process are attached *in globo* as Exhibit A.)

19. Defendants The Wackenhut Corporation and Wackenhut Services, Inc. specifically reserve all defenses and objections to the claims asserted in the Petition for Damages and in the First Supplemental and Amending Petition for Damages.

20. Undersigned counsel represents The Wackenhut Corporation and Wackenhut Services, Inc. and consents to this Notice of Removal on behalf of those defendants. As is set forth above, Cotton State Insurance has not been served and its consent to this Notice of Removal is immaterial. All other named, served, and remaining defendants have given their consent

to the instant Notice of Removal. (See Ex. C -correspondence from counsel for Lawrence Shane Camp and The Hertz Corporation).

### B. Jury Demand

21. A jury was not requested by plaintiffs but was requested by defendants, The Hertz Corporation and Lawrence Shane Camp.

### C. Conclusion

22. For the reasons stated above, defendants ask this Honorable Court to remove this suit to the Eastern District of Louisiana.

23. Defendant will promptly file a cop of this notice of removal with the clerk of the sate court where this suit has been pending.

24. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that she has read the foregoing Notice of Removal, that to the best of her knowledge, information and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose

Respectfully submitted,

LEMLE & KELLEHER, L.L.P.

s/ELIZABETH HAECKER RYAN
ELIZABETH HAECKER RYAN (LA #6404)
601 Poydras Street, Suite 2100
New Orleans, Louisiana  70130
Telephone: 504-586-1241
Facsimile:  504-584-9142

*Counsel for Defendants,*
The Wackenhut Corporation and Wackenhut Services, Inc.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing pleading has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification; and that a true and correct copy of the foregoing pleading has been delivered either by facsimile, by hand delivery, or by placing same in the U.S. Mail, properly addressed and postage prepaid, to all counsel of record who are not registered to receive notice electronically, on this 27th day of October, 2009.

    S/ ELIZABETH HAECKER RYAN